**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL MCELLIGOTT; CARL KELLEY, | No.   21-15477 |
| Plaintiffs-Appellants, | D.C. No. 4:19-cv-02233-DMR |
| and | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| MCKESSON CORPORATION, a Delaware corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Submitted February 14, 2022**
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ADELMAN,*** District

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge.

Relators Michael McElligott and Carl Kelley (Relators) appeal the district court's dismissal of their claims under the False Claims Act (FCA), 31 U.S.C. §§ 3729–33, against McKesson Corporation without leave to amend. We have jurisdiction, 28 U.S.C. § 1291, and affirm.

We review de novo the dismissal of claims under the FCA and assume the facts as alleged in Relators' second amended complaint are true. *United States ex rel. Campie v. Gilead Scis., Inc.*, 862 F.3d 890, 898 (9th Cir. 2017). We "examine only whether [R]elators' allegations support a cause of action under the False Claims Act under the theories presented," *id.*, applying the heightened pleading standards of Federal Rule of Civil Procedure 9(b), *see Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). We review a district court's denial of leave to amend for abuse of discretion but conduct de novo review of an order finding a proposed amendment futile. *See Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021).

1. Relators first contend that the second amended complaint adequately alleges that McKesson "knowingly present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval," by making an express false

***

\*\*\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

certification. 31 U.S.C. § 3729(a)(1)(A). To plead a claim for express false certification, a complaint must allege facts from which it may reasonably be inferred that the defendant submitted a claim for payment to the government in which it expressly certified that it had complied with a specific law or provision of the contract with which it knew it had not complied. *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 675–76 (9th Cir. 2018). Here, the complaint contains no such allegations.

2. Relators next contend that the second amended complaint adequately alleges that McKesson violated the FCA by making implied false certifications. To state a claim based on an implied false certification, the complaint must allege two elements: (1) "the claim does not merely request payment, but also makes specific representations about the goods or services provided"; and (2) "the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 190 (2016); *see also United States ex rel. Rose v. Stephens Inst.*, 909 F.3d 1012, 1018 (9th Cir. 2018) (concluding that, under Ninth Circuit precedent, relators must satisfy *Escobar*'s two elements to prevail on an implied false certification theory). Here, the second amended complaint does not allege that, in its claims for payment, McKesson made specific representations about the medical supplies it provided

3

that were rendered misleading half-truths by its failure to disclose noncompliance with material statutory, regulatory, or contractual requirements. Although the complaint alleges that McKesson's claims did not disclose that it delivered the medical supplies through a supply chain that did not comply with various laws regulating controlled substances, the complaint does not allege that McKesson made any "specific representations" in its claims for payment that were rendered half-truths by this nondisclosure. As far as the complaint reveals, McKesson represented nothing more in its claims for payment than that it delivered certain medical supplies on certain dates. The complaint does not allege that those representations were false, and McKesson's failure to disclose that the supplies were delivered through a noncompliant supply chain did not render misleading the representation that the supplies were delivered.

3. The second amended complaint also fails to allege materiality. In the context of false certification claims, "[a] misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision in order to be actionable." *Escobar*, 579 U.S. at 181. Here, nothing in the complaint gives rise to a reasonable inference that the security of McKesson's supply chain was material to the government's decision to pay for medical supplies that McKesson actually delivered. Although the complaint alleges that the contract contained a provision requiring McKesson to

4

obey all laws, the complaint does not allege that compliance with this provision was designated as a condition of payment for goods delivered; nor does it allege other facts from which it could reasonably be inferred that the government deemed noncompliance with the "obey all laws" provision relevant to its decision to pay for goods delivered. *Id.* at 192–96.

4. The district court did not abuse its discretion in denying leave to amend. It is readily apparent that the court denied leave to amend because the amendments would have been futile, *Roth v. Garcia Marquez*, 942 F.2d 617, 628–29 (9th Cir. 1991), and Relators do not identify any amendments that could have cured the deficiencies in the second amended complaint.

**AFFIRMED.**